RHYNE v. MILLER.

(Division B. Nov. 12, 1923.)

[97 So. 758. No. 23621.]

INFANTS. *Held entitled to rescind contract for purchase of automobile and recover money paid; father paying money to bank to cover overdraft by minor son for automobile held not payment to seller.*

Where an infant bought an automobile, signing a contract therefor (which his father also signed), paying part cash and giving contract for deferred payments, and in paying the cash payment gave a check on a bank which was paid the dealer by the bank, but a previous check deposited in such bank to the credit of the infant was dishonored by the bank on which it was drawn, and the father deposited enough in such bank to cover the overdraft caused by giving the infant's check, the infant in such case may rescind the contract and recover the money paid. The father paying the money to the bank to cover overdrawn account is not in legal effect paying to the seller of the automobile.

APPEAL from circuit court of Jones county, Second District.

HON. R. S. HALL, Judge.

Action by J. D. Rhyne, by next friend, D. E. Rhyne, against C. C. Miller, trading under name of the Standard Motor Company. From a judgment for less than the amount prayed for, plaintiff appeals. Reversed, and judgment rendered.

*D. B. Cooley,* for appellant.

The main question presented by this appeal is whether or not appellant is entitled to recover the sum paid to appellee by check, amounting to two hundred, eighty-nine dollars and ninety-five cents. This check was promptly paid by the bank upon presentation of appellee, and whether at the time of payment the appellant had sufficient funds on deposit with the bank to pay this check can be of no concern to appellee.

This was a matter between appellant and the bank. The appellant was liable to the bank for the amount of his overdraft occasioned by the payment of this check; and when his father paid the bank the amount appellant was due it, he was then liable to his father, D. E. Rhyne, for the amount.

To state the question in another way, the learned court below held that if a party should give a check in payment of a debt, and thereby overdraws his account at the bank, that he could not plead payment of the debt in an action against him, because the money that paid the account was not his money. We respectfully submit that there can be no question under the testimony in this case that appellant is entitled to recover the amount sued for, and that the case should be reversed for the error complained of.

In the reversal of this case, I respectfully request that this point be decided so that the law of the case may be made plain and simple to the learned lower court on another trial of the case.

*Pack & Pack,* for appellee.

We submit that a mere reading of appellant's testimony will show conclusively that he has nothing to complain of in this case. He has already recovered a judgment for the entire sum of money with which he had parted, to-wit: Thirty dollars. The testimony shows that the appellant had no money of his own and that whatever sums were

paid the appellee, were paid by appellant's father and not by appellant.

There is another fact in this case to which we wish to especially direct the court's attention, and that is, that D. E. Rhyne, appellant's father, was a party to the contract for the purchase of the automobile and so far as the Record shows, when the father deposited in the bank, sufficient funds to cover his son's check, he was acting not as the agent of his son, but was making said payment on his own account. He was merely taking care of his own obligation, pursuant to the contract.

Opposing counsel seems to take the position that although D. E. Rhyne may have signed the contract with his son, he cannot be bound by it, because his name does not appear in the body of the contract. Cyc. states the rule on this point as follows: "As a general rule, one signing a contract is bound by its terms, although he may not be named in it." 9 Cyc. 301 and cases cited.

ETHRIDGE, J., delivered the opinion of the court.

J. D. Rhyne, a minor, entered into a contract with Miller, doing business under the name of the Standard Motor Company, for the purchase of an automobile for seven hundred, twenty-nine dollars and ninety-five cents upon which he paid three hundred thirteen dollars and ninety-five cents in the following manner: He paid thirty dollars cash, and gave a check for the balance, which check was paid by the bank to Miller, The father of J. D. Rhyne, D. E. Rhyne, also signed the contract at the bottom thereof, and also as a witness because Miller required the father of the minor to sign the contract. The minor, J. D. Rhyne, just before giving the check to Miller, had deposited a check in the bank to his account for three hundred fifty dollars, given on the Bank of Hattiesburg by a person named Lottie Vick, which check was returned by the Hat-

tiesburg Bank unpaid, making the account of J. D. Rhyne at the bank in Laurel stand overdrawn. The father, D. E. Rhyne, at the request of the son, deposited in the bank enough money to cover the overdraft.' Thereafter J. D. Rhyne, the minor, returned the car to Miller and demanded the return of the money paid thereon. Miller received the car, but refused to repay the money paid, and the minor, through his father, as next friend, brought this suit to recover the money so paid. The court below granted a peremptory instruction to the plaintiff for the $30 paid, but refused to permit the recovery of the balance, from which judgment the plaintiff appeals.

The appellee justifies the judgment of the court below upon the theory that the father's money actually made the payment on the car represented by the son's check, and that the father had signed the contract with the son, and it was in effect merely satisfying his own obligation, and the payment did not represent the money of the son, who was plaintiff. We do not think the judgment can be sustained on this basis. The plaintiff, the minor, gave the defendant his personal check, which was honored and paid by the bank. The plaintiff, at the time of giving this check, had deposited another check to his account, which was unpaid, and therefore in the state of facts left his account overdrawn. This was a matter between the bank and the plaintiff, of which the defendant had no concern; the defendant not being responsible to the bank for the amount so overdrawn. The fact that the father paid the overdraft to the bank is not the same as paying it to Miller. It was subsequent to the transaction between the plaintiff and the defendant, and under the plaintiff's testimony he stands debtor to his father for this sum. Whatever rights Miller may have against the father, D. E. Rhyne, on account of his signature to the contract, in no manner affects the plaintiff's right to recover the money paid by the plaintiff to the defendant.

The cause will therefore be reversed, and judgment entered here for the appellant for three hundred thirteen dollars and ninety-five cents with interest from the date of filing suit.

*Reversed and rendered.*